**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**GENICK BAR-MEIR,**

**Plaintiff,**

**v.**

**NORTH AMERICAN DIE CASTING ASSOCIATION,**

**Defendant.**

**Civil No. 00-1666 (RHK/SRN)**

---------------------------------------------------------------- **O R D E R**

**GENICK BAR-MEIR,**

**Plaintiff,**

**v.**

**NORTH AMERICAN DIE CASTING ASSOCIATION,**

**Defendant.**

**Civil No. 00-1737 (RHK/SRN)**

---

Plaintiff Genick Bar-Meir appeared pro se.

Debra Stanek, Esq., (via telephone), and Dean Eyler, Esq., on behalf of Defendant North American Die Casting Association.

---

MAY 11 2001
FILED
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matters came before the undersigned Magistrate Judge of District Court on April 5, 2001, on several of Plaintiff Bar-Meir's motions. Each is discussed separately below.

**A. Plaintiff's Motion for Order Compelling Responses to Interrogatories and Document Requests, and for Sanctions in Civil File No. 00-1737 (RHK/SRN)**

Plaintiff Genick Bar-Meir moves first for an order compelling Defendant North American Die Casting Association (NADCA) to respond to his Interrogatories and Requests for Production of Documents which he served on NADCA on November 2, 2000 in Case No. 00-1737.

Defendant NADCA submits, as an initial matter, that this motion to compel is premature in light of Plaintiff's failure to identify how NADCA has infringed his works. NADCA asserts that further discovery from NADCA is not justified unless and until Plaintiff specifically identifies specific portions of specific NADCA materials as infringing specific portions of his works. Secondly, NADCA takes issue with Plaintiff Bar-Meir's assertion that NADCA is concealing information and "substituting" material that Plaintiff requests with unrelated, unrequested material. NADCA represents that this is simply not true, and that NADCA has, in all cases, attempted to discern what it is that Plaintiff is requesting, state its objections and the bases for any objections, and then either give responsive information or identify the documents being

produced. In spite of its misgivings about this motion, NADCA responded to each of the discovery requests that are the subject of Plaintiff' s motion to compel. NADCA has assured the Court that it understands its ongoing obligation to supplement its responses to Plaintiff's discovery requests; and NADCA will produce a privilege log.

Following extensive discussion at the hearing on this matter of each and every one of the interrogatories and document requests raised in Plaintiff's motion to compel -- discussions which will not be repeated here -- the Court makes the following ruling:

a) With respect to Plaintiff's Interrogatory No. 1, Plaintiff's motion to compel is denied as moot;

b) With respect to Plaintiff's Interrogatory No. 2, Plaintiff's motion to compel is denied as moot in light of NADCA's promise to supplement its response;

c) With respect to Plaintiff's Interrogatory No. 5, Plaintiff's motion to compel is denied as moot in part in that documents relative to Mr. Twarog's letter were produced; and denied as to the remaining requests which seek information not relevant to the claims in this lawsuit;

d) With respect to Plaintiff's Interrogatory No. 6, Plaintiff's motion to compel is denied based on NADCA's original response and

representation to this Court that there was no committee;

e) With respect to Plaintiff's Interrogatory No. 7, Plaintiff's motion to compel is denied because NADCA has fully responded;

f) With respect to Plaintiff's Interrogatory No. 8, Plaintiff's motion to compel is denied as it requests material not relevant to Plaintiff's claims in this lawsuit;

g) With respect to Plaintiff's Interrogatory No. 9, Plaintiff's motion to compel is denied because it seeks information not relevant to Plaintiff's claims in this action;

h) With respect to Plaintiff's Interrogatory No. 9, Plaintiff's motion to compel is denied because it seeks information not relevant to the Plaintiff's claims;

i) With respect to Plaintiff's Interrogatory No. 10, Plaintiff's motion to compel is denied as moot as NADCA has fully responded;

j) With respect to Plaintiff's Interrogatory No. 11, Plaintiff's motion to compel is denied as moot because NADCA has fully responded;

k) With respect to Plaintiff's Document Request No. 1, Plaintiff's motion to compel is denied with NADCA's representation that all responsive documents have been produced, and that e-mail messages are not kept in the ordinary course of business, but NADCA will nevertheless make an effort to search again;

l) With respect to Plaintiff's Document Request No. 3, Plaintiff's motion to compel is denied as moot in light of NADCA's representation that, subject to its stated objections, it has produced all responsive documents in its possession, custody and control;

m) With respect to Plaintiff's Document Request No. 4, Plaintiff's motion to compel is denied as moot because NADCA has produced minutes of NADCA's research committee that contain a reference to the Plaintiff;

n) With respect to Plaintiff's Document Request No. 6, Plaintiff's motion to compel is denied as moot because NADCA has produced what it has. In addition, the Court advised Plaintiff that an easier way to obtain the information he apparently seeks is to depose the people who reviewed his work;

o) With respect to Plaintiff's Document Request No. 7, Plaintiff's motion to compel is denied as moot in light of NADCA's representation that there are no documents responsive to this request;

p) With respect to Plaintiff's Document Request No. 8, Plaintiff's motion to compel is denied without prejudice. Plaintiff is given leave to re-write this request to eliminate the word "plagiarize";

q) With respect to Plaintiff's Document Request No. 9, Plaintiff's motion to compel is denied as moot due to NADCA's representation that it is producing the minutes of meetings of the NADCA Board of Governors that contain a reference to the Plaintiff;

r) With respect to Plaintiff's Document Request No. 10, Plaintiff's motion to compel is denied without prejudice with instructions to the parties to resolve the issue of the allegedly outstanding documents responsive to this request;

s) With respect to Plaintiff's Document Request No. 11, Plaintiff's motion to compel is denied;

t) With respect to Plaintiff's Document Request No. 12, Plaintiff's motion to compel is denied as moot based on NADCA's representation that these documents have been produced;

u) With respect to Plaintiff's Document Request No. 13, Plaintiff's motion to compel is denied as moot in that NADCA represents it has produced all relevant responsive material which references Plaintiff's work, and has assured the Court that it will try to determine the whereabouts of the software referred to in this request; and

v) With respect to Plaintiff's Document Request No. 14, Plaintiff's motion to compel is denied as moot based on NADCA's

representation that no such recordings exist.

Plaintiff's request for imposition of monetary sanctions against Defendant NADCA and its attorneys is denied.

**B. Plaintiff's Motion to Obtain Permission to Amend the Complaint in Civil No. 00-1737 (RHK/SRN)**

For the second time, Plaintiff Bar-Meir moves for leave to amend his Complaint in Civ. Case No. 00-1737. Plaintiff asserts that the need to amend his Complaint arises as a result of new evidence that came into existence after the filing of his first motion for leave to amend his Complaint. He asks for the opportunity to conform his Complaint to the new evidence, and to submit exhibits to his Complaint which he deems necessary to illuminate his claims.

Defendant NADCA opposes Plaintiff's efforts to seek leave to amend his Complaint on three bases. First, NADCA asserts that the porposed amendment is untimely under the terms of the November 6, 2000, Pretrial Scheduling Order which sets January 15, 2001, as the deadline for filing any motions seeking to amend pleadings. Secondly, NADCA points out that Plaintiff's proposed Second Amended Complaint is incomplete as it lacked the proposed exhibits including the certificate of copyright registration, which is the reason cited by Plaintiff as justifying the motion. NADCA contends that Plaintiff's efforts to amend his Complaint to include the certificates of copyright registration are unnecessary in that allegations of ownership of a work -- the

claim to copyright of which has been registered -- is sufficient to permit a copyright owner to assert a claim of infringement. See 17 U.S.C. §§ 408 and 411. Finally, NADCA takes issue with the fact that Plaintiff's Second Amended Complaint includes some of the allegations contained in Plaintiff's First Amended Complaint -- as well as some of the allegations contained in Plaintiff's revised version of the proposed First Amended Complaint.

Unfortunately, the copies of the Plaintiff's proposed Second Amendment to the Complaint attached to his memorandum in support of his motion for leave to amend delivered to the Court and to the Defendant were sans the referenced exhibits. Hence, at the hearing on this motion the Court instructed Plaintiff Bar-Meir to re-submit to the Court his proposed Amended Complaint with the pertinent exhibits attached, and to serve counsel for Defendant NADCA with the same. On April 24, 2001, the Court received Plaintiff's newly submitted proposed amended Complaint, which is entitled Third Amendment to the Complaint. It is not clear whether the Defendant was served with this newest version of Plaintiff's proposed amended complaint.

Federal Rule of Civil Procedure 15(a) provides that a court may allow amendments to pleadings "when justice so requires." In interpreting this rule the Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits. In the absence of any apparent or declared

> reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . ., the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). However, neither delay or dilatory motive are sufficient in themselves to deny a party leave to amend a pleading. The delay or dilatory motive must result in prejudice to the party opposing the motion. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F.2d 690, 694 (8th Cir. 1981). Even if some prejudice would result to the adverse party if the motion to amend were granted, that prejudice must be balanced against the hardship to the moving party if it is denied. Id.

The Eighth Circuit Court of Appeals has found that leave to amend may be properly denied when the proposed amendment would be futile. See Holloway v. Dobbs, 715 F.2d 390, 392-94 (8th Cir. 1983). The Eighth Circuit has also held, however, that amendments should be denied on the merits of the claim only if the amendment asserts clearly frivolous claims. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F. 2d at 694. The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. Niagra of Wisconsin Paper Corp. v. Paper Industry Union Management Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986).

In the present case, the Court finds that Plaintiff Bar-Meir should

be granted leave to amend his Complaint in the form presented in his Third Amendment to the Complaint. The Court recognizes that the Plaintiff's motion for leave to amend extends beyond the deadline set forth in the Pretrial Scheduling Order, but will grant this indulgence of the amendment schedule **on this single occasion**. Plaintiff Bar-Meir believes it necessary to conform his Complaint to the evidence by attaching the correct exhibits. The Court can determine no prejudice to Defendant NADCA in allowing Plaintiff to amend his Complaint. In fact, the Third Amendment to the Complaint reflects more accurately the actual claims and parties remaining in this action.

Plaintiff's motion for permission to amend his complaint is granted, and the Court will submit for filing with this Order the original Third Amendment to the Complaint which Plaintiff provided to the Court on April 24, 2001. To the extent he has not already done so, Plaintiff is directed to serve Defendant NADCA with a copy of the Third Amendment to the Complaint in its complete form with the pertinent exhibits attached.

**C. Plaintiff's Motion to Impose Costs and Sanctions for Providing Affidavits in Bad Faith in Civil Case No. 00-1666 (RHK/SRN)**

Plaintiff moves for an order imposing costs and sanctions on Defendant NADCA for NADCA's alleged provision of false declarations in support of its motion for summary judgment. Plaintiff contends that NADCA submitted these affidavits in bad faith, and requests that the affidavits be precluded, and that NADCA pay all costs incurred by Plaintiff as a result of this

motion.

NADCA opposes Plaintiff's motion apparently brought pursuant to Fed. R. Civ. P. 11. NADCA argues that Plaintiff has not complied with the requirements of Rule 11, and that his failure to comply provides an adequate basis for summary dismissal of this motion. See McNeil v. United States, 113 S.Ct. 1908, 1984 (1993)("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.") Nevertheless, NADCA has addressed the merits of Plaintiff's motion.

However, in light of this Court's recommendation that Civil File No. 1666 (SRN/RHK) be dismissed, (see Report and Recommendation dated May 11, 2001), the Court finds this motion to be not only moot but without merit. Accordingly, this motion is denied.

**D. Plaintiff's Motion to Postpone the Hearing on the Summary Judgment in Civil Case No. 00-1666 (RHK/SRN)**

Plaintiff Bar-Meir moved, on January 19, 2001, to postpone the hearing on Defendant NADCA's motion for summary judgment as well as the hearing on NADCA's motion to compel production of documents. In support of this motion, Plaintiff cited his concern that he would not have time enough to prepare responses to these motions.

The Court notes that Defendant NADCA filed its initial Notice

of Motion and Motion for Summary Judgment on January 10, 2001, setting it on for hearing on February 7, 2001. See Docket Entry No. 26. NADCA filed a Revised Notice of Motion and Motion for Summary Judgment on January 26, 2001, setting it on for hearing on February 23, 2001. See Docket Entry No. 38. NADCA's Motion to Compel (Docket Entry No. 25) filed on December 28, 2000, was also set for hearing on February 23, 2001, (see Docket Entry No. 37).

The Court notes that Plaintiff had more than 30 days to prepare for the hearing on NADCA's Motion for Summary Judgment, and almost two months to prepare for the hearing on NADCA's motion to compel discovery production. There is no indication that this was an inadequate amount of time for Plaintiff to prepare his responses to these motions, and Plaintiff's motion for postponement of the hearing is denied.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) Plaintiff's Motion for an Order Compelling Responses to Interrogatories and Document Requests in Civil File No. 00-1737 (RHK/SRN) (Doc. No. 52) is **DENIED IN PART, DENIED AS MOOT IN PART, AND GRANTED IN PART** as set forth fully in the body of this Order at Section A;

2) Plaintiff's Motion for an Order Awarding Sanctions in Civil File

No. 00-1737 (RHK/SRN) (Doc. No. 52) is **DENIED**;

3) Plaintiff's Motion to Obtain Permission to Amend the Complaint in Civil No. 00-1737 (Doc. No. 57) is **GRANTED**. The Court submits for filing with this Order the original Third Amendment to the Complaint which Plaintiff provided to the Court on April 24, 2001. To the extent he has not already done so, Plaintiff is directed to serve Defendant NADCA with a copy of the Third Amendment to the Complaint in its complete form with the pertinent exhibits attached;

4) Plaintiff's Motion to Impose Costs and Sanctions for Providing Affidavits in Bad Faith in Civil Case No. 00-1666 (RHK/SRN) (Doc. No. 50) is **DENIED**; and

5) Plaintiff's Motion to Postpone the Hearing on Summary Judgment [and Defendant's Motion to Compel](Doc. No. 33) is **DENIED**.

Dated: May 11, 2001.

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge