**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**GENICK BAR-MEIR,** **Civil No. 00-1666 (RHK/SRN)**

**Plaintiff,**

**v.**

**NORTH AMERICAN DIE CASTING ASSOCIATION,**

**Defendant.**

---------------------------------------------------------------- **O R D E R**

**GENICK BAR-MEIR,** **Civil No. 00-1737 (RHK/SRN)**

**Plaintiff,**

**v.**

**NORTH AMERICAN DIE CASTING ASSOCIATION,**

**Defendant.**

---

Plaintiff Genick Bar-Meir appeared pro se.

Debra Stanek, Esq., (via telephone), and Dean Eyler, Esq., on behalf of Defendant North American Die Casting Association.

---

FILED JUN 12 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matters came before the undersigned Magistrate Judge of District Court on May 3, 2001, on several of Plaintiff Bar-Meir's motions. Each is discussed separately below.

**A. Plaintiff's Motion to Impose Costs and Sanctions for Providing False or Misleading Disclosure in Civil File No. 00-1737 (RHK/SRN)**

Plaintiff Genick Bar-Meir moves first for an order imposing costs and sanctions on Defendant North American Die Casting Association (NADCA) and its attorneys. Plaintiff also seeks an order compelling the Defendant to fully comply with Plaintiff's Requests for Production of Documents and Interrogatories.

Plaintiff asserts that Defendant NADCA has altogether failed to properly respond to his document requests and interrogatories related to critical (slow) shot sleeve velocity. Plaintiff submits that in response to his discovery on this subject, NADCA has produced only the syllabus of the class EC-410, outdated information related to the class material, outdated information on the topics of the price calculations and $pQ^2$ diagram, and other information which Plaintiff Bar-Meir has neither sought nor has any interest in. Plaintiff takes issue with the Defendant's assertion that it has provided everything responsive to his discovery requests, or that what he seeks simply does not exist. In particular, Plaintiff submits that he has requested a six-page

booklet entitled "Optimization of Shot Sleeve Performance", which Defendant NADCA offers for sale on its web site. See Exhibit A to Plaintiff's Memorandum in Support of Motion to Impose Costs and Sanctions. Plaintiff asserts that this booklet is responsive to his request for material pertaining to the critical (slow) shot sleeve velocity, and that NADCA should be compelled to produce it. Plaintiff Bar-Meir argues that Defendant NADCA's actions in this instance are sanctionable in that the Defendant "methodically and meticulously mislead[s] the Court" by deliberately claiming that such material does not exist when it is fully aware that it does exist and is responsive to Plaintiff's discovery requests.

Accordingly, Plaintiff asks the Court to impose sanctions and costs on the Defendant and their attorneys, and to compel the Defendant to produce all documents responsive to Plaintiff's interrogatories and requests for production of documents.

In response, NADCA asserts that Plaintiff's motion is premature and inappropriate in that, at the time of the hearing, no ruling had yet been issued on Plaintiff's previous motion to compel. Fed. R. Civ. P. 37(a)(3) permits the Court to sanction a party for having provided an "evasive or incomplete disclosure, answer or response . . . if a motion [to compel] is granted or requested discovery is provided after the motion is filed". Since neither of these circumstances are present here, NADCA submits that a sanction under Rule 37 is not appropriate.

The Court agrees with Defendant NADCA, and denies Plaintiff's motion for sanctions and costs.

As to Plaintiff's motion to compel, NADCA contends the booklet "Optimization of Shot Sleeve Performance" is not responsive to Plaintiff's requests as set forth in Interrogatory No. 9 and Requests for Production of Documents Nos. 1, 4, 10, and 12. NADCA submits that the booklet discusses the thickness of the shot sleeve and not shot sleeve velocity.

Plaintiff Bar-Meir believes that the booklet does address velocity (he has seen it), and that it demonstrates that NADCA has taken information from Plaintiff in order to refute his work. Plaintiff also believes there are other documents and/or booklets responsive to his requests, especially internal memos or reports on how to counter Plaintiff's claims regarding critical shot sleeve velocity.

In order to make an informed determination, the Court requested Defendant NADCA to submit the booklet "Optimization of Shot Sleeve Performance" for in camera review. And, following this review, the Court finds that NADCA should produce this booklet to Plaintiff Bar-Meir due to the fact that velocity is mentioned at least three times in the booklet. What the Court, of course, cannot determine is the ultimate relevance of these references to velocity. However, in light of the relevance standards pertinent to discovery, this Court finds the booklet to be at least arguably responsive to Plaintiff's

admittedly non-specific Document Request No. 1 which asks for documents "which pertain in any way to the subject matter of this lawsuit." Accordingly, Plaintiff's motion to compel as it relates to the booklet "Optimization of Shot Sleeve Performance" is granted. NADCA shall produce this booklet to the Plaintiff forthwith.

To the extent that Plaintiff seeks the production of other documents and information, his motion is denied because he has not indicated what discovery, if anything, remains outstanding. The Court rests assured that the Defendant is well aware of its ongoing duty to supplement its responses to Plaintiff's discovery requests, and reminds Plaintiff that he is also equally obligated.

**B. Plaintiff's Motion for an Order Compelling Responses to the Third Set of Interrogatories and Requests for Production of Documents, and for an Award of Sanctions in Civil No. 00-1737 (RHK/SRN)**

Plaintiff Bar-Meir moves for an order compelling NADCA to answer several of his third set of interrogatories, to produce documents responsive to documents requests, and for sanctions. Plaintiff bases this motion on the assertion that NADCA has improperly claimed confidential (trade) information and has concealed the "major part of the evidence under the pretext of irrelevance." At issue is re-numbered Interrogatory Nos. 2, 21, and 23; and Document Request No.1.

In response to this motion, NADCA takes issue with the fact that

Plaintiff seems to be attempting to re-litigate NADCA's motion for entry of a protective order to protect confidential information. As NADCA points out, in an Order dated March 27, 2001, this Court granted that motion and entered a protective order, and this ruling was affirmed by the Honorable Richard H. Kyle on appeal in an Order dated April 16, 2001.

NADCA is correct. This Court will not entertain a rehashing of Plaintiff's arguments concerning the issuance of the Protective Order in this case. In addition, based on NADCA's representation that it has withheld from production only a few pages as privileged, and has produced other documents containing attorney-client communications in a redacted form, and that it has agreed to provide Plaintiff with a privilege log, the Court declines to re-visit and/or entertain Plaintiff's unsubstantiated contentions that NADCA has improperly withheld documents as privileged.

NADCA submits that its objections to Plaintiff's discovery are well-taken, and that its responses are complete. After a thorough review of the discussions both written and oral, the Court finds itself in agreement with Defendant NADCA. There is simply no legitimate support for Plaintiff's contentions, and his motion to compel responses to re-numbered Interrogatory Nos. 2, 21, and 23, and Document Request No.1 is therefore denied, as is his motion for an award of sanctions.

**C. Plaintiff's Motion to Compel Responses to the Third Set of Requests for Production of Documents in Civil Case No. 00-1666 (RHK/SRN)**

Plaintiff moves for an order compelling Defendant NADCA to produce documents responsive to his Third Set of Interrogatories, Requests for Production of Documents, and Requests for Admission.

In light of this Court's recommendation that Civil Case No. 00-1666 (RHK/SRN) be dismissed, (see Report and Recommendation dated May 11, 2001, and Amended Report and Recommendation dated May 21, 2001), this motion is denied without prejudice pending Judge Kyle's ruling on Plaintiff's objections to the Report and Recommendation.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) Plaintiff's Motion to Impose Costs and Sanctions for Providing False or Misleading Disclosure in Civil File No. 00-1737 (RHK/SRN) (Doc. No. 69)is **DENIED AS TO THE MOTION FOR SANCTIONS, GRANTED IN PART AND DENIED IN PART AS TO THE MOTION TO COMPEL**, as set forth fully in the body of this Order at Section A;

2) Plaintiff's Motion to Compel in Civil File No. 00-1737 (RHK/SRN) (Doc. No. 72) is **DENIED**; and

3) Plaintiff's Motion to Compel Production of Documents (Third

Set) in Civil Case No. 00-1666 (RHK/SRN) (Doc. No. 57) is **DENIED WITHOUT PREJUDICE**.

Dated: June 12, 2001.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge