**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Genick Bar-Meir,

Plaintiff,

v.

Civil No. 00-1666 RHK/SRN
**MEMORANDUM OPINION AND ORDER**

North American Die Casting Association,

Defendant.

---

Genick Bar-Meir, pro se, Minneapolis, Minnesota, for Plaintiff.

Dean C. Eyler, Dorsey & Whitney, Minneapolis, Minnesota, and Debra J. Stanek, Sidley & Austin, Chicago, Illinois, for Defendant.

---

**INTRODUCTION**

Before the Court is Defendant North American Die Casting Association's ("NADCA") Motion for Civil Contempt. NADCA alleges that Plaintiff Genick Bar-Meir ("Bar-Meir") has been delinquent in his compliance with this Court's Order of June 12, 2001. Bar-Meir responded to NADCA's motion by filing a "Motion for Stay of the To-Be-Order." For the reasons set forth below, the Court will deny both motions.



FILED AUG 07 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## BACKGROUND[1]

On June 12, 2001, this Court entered an order adopting the May 21, 2001, Report and Recommendation of Magistrate Judge Susan R. Nelson (Doc. No. 67), granting NADCA's Motion for Summary Judgment on Bar-Meir's Complaint and NADCA's Counterclaim. (Order dated June 12, 2001.) The Order granted injunctive relief, permanently enjoining plaintiff from "using . . . the term NADCA . . . or variation thereof, as part of a domain name on or in communication with advertising, distribution, sale or offering for sale of products or services," and ordering Bar-Meir "to immediately transfer the domain name 'nadca.org' to Defendant." (Order dated June 12, 2001.)

On June 19, 2001, Bar-Meir filed a Motion Seeking a Stay Pending Appeal. (Doc. No. 76.) On June 25, 2001, the undersigned denied that motion. (Order dated June 25, 2001.) NADCA asserts that, in violation of this Courts's Order of June 12, 2001, Bar-Meir continued to use "NADCA" as a domain name (www.nadca.org) for thirty-seven days past the date of the Order and interfered with NADCA's attempt to reclaim the domain name by contacting the domain name registrar, CORE, and informing it that CORE could not transfer the domain name to NADCA because Bar-Meir had appealed the Order. (August 7, 2001 hearing; Def.'s Supp. Mem. at 2-4.)

---

[1] Because the alleged contempt at issue centers around compliance with this Court's order of June 12, 2001, extensive background prior to that date is unnecessary, and to the extent it is needed, may be found in the May 21, 2001, Report and Recommendation of Magistrate Judge Susan R. Nelson (Doc. No. 67).

NADCA contends that it suffered harm as a result of Bar-Meir's delay in transferring the domain name. NADCA requests damages from Bar-Meir for the thirty-seven days that he was not in compliance with this Court's Order, and for attorney's fees and costs for bringing this motion.

**ANALYSIS**

## I. Nature of Civil Contempt

A contempt sanction is civil if it "is remedial, and for the benefit of the complainant." Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827 (1994) (quoting Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 441 (1911)). Sanctions in the civil contempt context serve to coerce compliance, to compensate the complainant for losses incurred, or both.[2] See United States v. United Mine Workers of Am., 330 U.S. 258, 303-04 (1947). Coercive penalties are sanctions such as fines or incarceration to impel the party's compliance with the court's order. Coleman v. Espy, 986 F.2d 1184, 1190 (8th Cir. 1993). Where a compensatory penalty is appropriate, a fine payable to the complainant is imposed. United Mine Workers of Am., 330 U.S. at 304. This fine must be based upon evidence of the complainant's actual loss, and the right to it is contingent upon the outcome of the basic controversy. Id.

---

[2]This is in contrast to criminal contempt sanctions, which are punitive and used to vindicate the authority of the court. See United States v. United Mine Workers of Am., 330 U.S. at 302-03 (1947).

Bar-Meir has complied with this Court's Order, thus only compensatory penalties would be appropriate. See United Mine Workers of Am., 330 U.S. at 303-04.

## II. Force of June 12, 2001 Order During Appeal

It has come to the Court's attention that Bar-Meir appealed the Order of June 12, 2001, to the Eighth Circuit. Bar-Meir suggests that the pending appeal divests this Court of jurisdiction to entertain NADCA's motion. In United Mine Workers, "impressive authority [was found] for the proposition that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." 330 U.S. at 293. Citing United Mine Workers, the Eighth Circuit stated:

> It is hornbook law that the mere fact that an order is erroneous does not mean that a party may violate it with impunity. A court's order must, in all but the most extreme cases, be obeyed, unless the party against whom the order is directed can obtain a stay. If the order is not obeyed, the party in violation may be held in contempt, even if he or she later succeeds in getting the order overturned on appeal.

In re Ragar, 3 F.3d 1174, 1180 (8th Cir. 1993).

The undersigned denied Bar-Meir's Motion for Stay Pending Appeal (Doc. No. 76), and its Order of June 12, 2001, has not been overruled. Accordingly, the Court has the jurisdictional authority to preserve the integrity of its Order through a contempt proceeding.

## III. Civil Contempt

According to NADCA, as of the date of this Order, Bar-Meir has fully complied with the June 12, 2001 Order. The Court recognizes that Bar-Meir, as a pro se litigant, may have been confused with respect to his obligation to abide by this Court's Order pending an appeal. Although the law in this area is clear–the absence of willfulness on Bar-Meir's part does not relieve him of liability to NADCA for noncompliance, see McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949)–the Court does not find him in civil contempt. NADCA has met its burden of proving that Bar-Meir delayed in complying with its June 12, 2001 Order, but NADCA has not satisfied this Court that it suffered anything more than a minimal harm as a result of Bar-Meir's delay. The Court sees no benefit in imposing a deminimus fine in order to "punish" Bar-Meir. See Shillitani v. United States, 384 U.S. 364, 370 (1966) ("the Court retains the inherent power to punish the contemnor"). Accordingly, the Court does not find Bar-Meir in contempt of its June 12, 2001 Order.

NADCA has also requested attorney's fees and costs for bringing the instant motion. In determining whether to award fees, the willfulness of the contemnor's conduct is the critical examination. See Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996). Bar-Meir acted on a reasonable, yet mistaken, belief that pending an appeal he did not have to comply with this Court's Order. Therefore, an award of fees is not appropriate.

The undersigned stresses that its decision to allow Bar-Meir's delay in complying

with its June 12, 2001 Order to go relatively unpunished is based substantially on Bar-Meir's status as a pro se litigant and NADCA's failure to prove it suffered any substantial harm as a result of the delay. Bar-Meir should not assume that such consideration for a pro se litigant will be available to him in this Court or any other court in the future.

**CONCLUSION**

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED** that Defendants' Motion for Civil Contempt (Doc. No. 80) is **DENIED**; and Plaintiff's Motion for a Stay of the To-Be-Order (Doc. No. 84), as interpreted as a motion to stay this Court's finding that Plaintiff is in civil contempt, is **DENIED** as **MOOT**.

August 7, 2001

RICHARD H. KYLE
United States District Judge

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500