**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Genick Bar-Meir,

Plaintiff,

v.

North American Die Casting Association,

Defendant.

Civil No. 00-1666 (RHK/SRN)
**ORDER AND ORDER FOR JUDGMENT**

---

By an Order dated June 12, 2001, the Court granted the Defendant North American Die Casting Association's ("NADCA") Motion for Summary Judgment on its Counterclaim against Genick Bar-Meir. NADCA's Counterclaim consisted of three counts. Count I asserted trademark infringement in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Count II alleged unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Count III asserted a claim for cyber-squatting in violation of § 43(d)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(d)(1)(A). The June 12, 2001, Order permanently enjoined Bar-Meir, from (1) "using or attempting to register the term NADCA, or any reproduction, copy, or colorable imitation or variation thereof, as part of a domain name on or in communication with advertising, distribution, sale or offering for sale of products or services," and (2) performing any other act likely to lead the public to believe that any product or service advertised, distributed, sold or offered for



FILED MAY 22 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD MAY 22 2002
DEPUTY CLERK

sale by him is licensed, sponsored, or approved by, or otherwise affiliated with, NADCA. The Order also directed NADCA to submit a more definite request for damages.[1]

Before the Court is NADCA's Request for Damages. NADCA seeks a monetary award consisting of five parts: (1) statutory damages in the amount of $75,000; (2) actual damages in the amount of $50,000; (3) attorneys' fees in an amount in excess of $25,000; (4) costs in an amount in excess of $2,500; and (5) an award of the Plaintiff's profits, if any. Bar-Meir filed no response to the Defendant's Request. The Court considers each category of requested damages in turn.

## I. Statutory Damages

NADCA seeks an award of $75,000 in statutory damages for Bar-Meir's violation of the federal anti-cybersquatting statute, 15 U.S.C. § 1125(d)(1)(A). Section 35(d) of the Lanham Act provides that a party who prevails on a claim of cybersquatting may elect to recover, in lieu of actual damages and profits, an award of statutory damages in an amount ranging from $1,000 to $100,000 per domain name. 15 U.S.C. § 1117(d). In the present case, one domain name was at issue.

NADCA asserts that an award of $75,000 is appropriate here because the circumstances indicate that Bar-Meir, who was aware of NADCA's trademark rights,

---

[1] On June 12, 2001, a Judgment was entered in this matter (Doc. No. 73). The Judgment was vacated as a clerical error by an Order dated August 15, 2001, the Court having expressly retained jurisdiction to decide the Defendant's claim for monetary damages. (See Doc. No. 88.)

willfully and deliberately registered and used the domain name "nadca.org." NADCA further argues that Bar-Meir filed this lawsuit to block the implementation of an arbitrator's decision that he had no right to register or use the domain name at issue. NADCA also contends that an award at the upper end of the statutory damages range is necessary to deter Bar-Meir from similar conduct and to provide NADCA an adequate remedy. Being cognizant of the entire file in this case, including affidavits regarding Bar-Meir's conduct both before and after the Court's issuance of its injunction, the Court concludes that an award of $75,000 is a just award, intended both to punish the offensive conduct at issue in this case and to deter future similar conduct. The Court will award NADCA $75,000 in statutory damages pursuant to 15 U.S.C. § 1117(d).

## II. Actual Damages

NADCA seeks an award of at least $50,000 in actual damages that it claims it has incurred as a result of Bar-Meir's infringement of NADCA's registered trademark and his unfair competition. Section 35(a) of the Lanham Act provides that

> [w]hen a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a), (c), or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.

15 U.S.C. § 1117(a). The party seeking damages under § 35(a) "must prove both actual damages and a causal link between defendant's violation and those damages."

Rhone-Poulenc Rorer Pharms., Inc. v. Marion Merrell Dow, Inc., 93 F.3d 511, 515 (8th Cir. 1996).

The record establishes that Bar-Meir, being aware of NADCA's trademark rights, intentionally registered the domain name "nadca.org" and used it to offer die casting courses, a die casting publication, and free advertising on the "nadca.org" website -- all of which mirror and compete with goods and services offered by NADCA. Furthermore, NADCA has established, through affidavits previously submitted to the Court, that Bar-Meir's actions caused actual confusion among those who use NADCA's services and purchase NADCA's publications. This evidence of intentional infringement and actual confusion gives rise to a rebuttable presumption of causation and injury in fact. See Porous Media Corp. v. Pall Corp., 110 F.3d 1329, 1336 (8th Cir. 1997).

The amount of damages NADCA seeks -- $50,000 -- represents a percentage of the income earned from the goods and services associated with its marks. NADCA uses its marks extensively in connection with courses, publications and advertising services that generate over $1.3 million per year for the organization. Bar-Meir infringed those marks for a period of over one-and-a-half years, causing actual confusion in the marketplace. The damages sought by NADCA represent approximately 2% of NADCA's income from the goods and services at issue for the period of Bar-Meir's wrongful conduct. "The plaintiff is held to a lower burden of proof in ascertaining ***the exact amount*** of damages because, '[t]he most elementary conceptions of justice and public policy require that the

wrongdoer shall bear the risk of the uncertainty which his own wrong has created.'" Otis Clapp & Son, Inc. v. Filmore Vitamin Co., 754 F.2d 738, 745 (7th Cir. 1985) (emphasis added) (quoting Bigelow v. RKO Radio Pictures, Inc., 327 U.S. 251, 265 (1946) (Frankfurter, J., dissenting on other grounds)). Bar-Meir has made no submission to the Court rebutting either the presumption of causation and injury in fact, discussed above, or NADCA's estimated amount of damages. Based on the record before it, the Court concludes that the Defendant is entitled to an award of actual damages in the amount of $50,000 pursuant to 15 U.S.C. § 1117(a).

## III. Costs

NADCA seeks an award of costs pursuant to 15 U.S.C. § 1117(a), asserting that "[a]s of April 30, 2001, its costs exceeded $2,500." (Request for Damages at 8.) NADCA has not, however, provided the Court with any billing statements or other documentation from which the Court can determine either the nature or the amount of the costs for which NADCA seeks reimbursement. Based on the record before it, which NADCA has had sufficient time to supplement, the Court concludes that an award of fees is not substantiated and is inappropriate.

## IV. Attorneys' Fees

NADCA also asks the Court to award them attorneys' fees. As a general rule, each party to a lawsuit is responsible for its own attorneys' fees, absent a statute mandating otherwise. The Lanham Act provides that "[t]he court in exceptional cases

may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a) (emphasis added). As the Eighth Circuit explains:

> Courts have defined the characteristics of exceptional cases with adjectives suggesting egregious conduct by a party. We have held that an exceptional case is one in which the plaintiff's action was groundless, unreasonable, vexatious, or pursued in bad faith. Hartman v. Hallmark Cards, Inc., 833 F.2d 117, 123 (8th Cir. 1987). The Seventh Circuit recently described exceptional behavior in this context to be "malicious, fraudulent, deliberate, or willful." Badger Meter, Inc. v. Grinnell Corp., 13 F.3d 1145, 1159 (7th Cir. 1994). Succinctly put, an exceptional case within the meaning of [15 U.S.C. § 1117(a)] is one in which one party's behavior went beyond the pale of acceptable conduct.

Aromatique, Inc. v. Gold Seal, Inc., 28 F.3d 863, 877 (8th Cir. 1994). It is a matter of the Court's discretion to determine whether an award of fees is appropriate. Hartman v. Hallmark Cards, Inc., 833 F.2d 117, 123 (8th Cir. 1987).

Even if the Court were to conclude that Bar-Meir's actions were sufficiently egregious to constitute an "exceptional case," the record before the Court does not adequately substantiate an award of fees. NADCA represents that, as of April 30, 2001, it had incurred attorneys' fees "in excess of $25,000." (Request for Damages at 9.) It has not, however, provided the Court with any billing statements or other evidence from which the Court can determine either the actual amount of the fees in question or whether those fees are "reasonable" under the statute. In light of the foregoing, the Court will deny NADCA's request for attorneys' fees.

## V. Plaintiff's Profits

NADCA argues that, to the extent Bar-Meir has profited from the conduct which has violated §§ 32(1) and 43(a) of the Lanham Act, NADCA is entitled to those profits. Section 1117(a) allows for the recovery of profits from one who violates a right of the registrant of a mark registered in the Patent and Trademark Office or engages in unfair competition in violation of section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). Section 1117(a) further provides that "[i]n assessing profits the [complaining party] shall be required to prove [the offending party's] sales only; [the offending party] must prove all elements of cost or deduction claimed." At the time NADCA filed its request for damages, it observed that discovery on its counterclaims had thus far been limited to issues of liability. (See Request for Damages at 2.) NADCA has not, in the intervening months, supplemented its submissions to the Court regarding damages or advised the Court as to whether it has discovery requests outstanding to Bar-Meir regarding his sales of goods or services. Based on the record before it, the Court concludes that NADCA has failed to prove the amount of Bar-Meir's sales and therefore, has not provided the Court with evidence from which it can assess Bar-Meir's profits. An award of profits under § 1117(a) is not proper.

## Conclusion

Based on the foregoing, and all of the files, records and proceedings herein, including the Court's prior determination that Defendant North American Die Casting

Association is entitled to summary judgment on its Counterclaim against the Plaintiff -- and its entry of a permanent injunction against Plaintiff, **IT IS ORDERED** that Defendant North American Die Casting Association's Request for Damages (Doc. No. 68) is **GRANTED IN PART** as follows: Defendant shall have and receive from the Plaintiff the sum of $125,000, consisting of statutory damages in the amount of $75,000 pursuant to 15 U.S.C. § 1117(d) and actual damages in the amount of $50,000 pursuant to 15 U.S.C. § 1117(a).

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: May 22, 2002

RICHARD H. KYLE
United States District Judge

MAY 2 2 2002

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995