**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Dr. Genick Bar-Meir,

Plaintiff,

v.

North American Die Casting Association,

Defendant.

Civil No. 00-1666 RHK/AJB

**ORDER ON MOTION TO RESUME DISCOVERY AND SEEKING TO PREVENT DEFENDANT FROM DISMISSING CASE**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, 638 U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101, on plaintiff's "Motion to Resume Discovery and Compel Answering Previous Interrogatories and Production of Documents and Order to Prevent the Defendant from Dismissing the Case." [Docket No. 105]. By Order[1] on defendant's motion for summary judgment dated June 12, 2001, the complaint in this matter was dismissed with prejudice and defendant was further granted injunctive relief on a counterclaim. The decision was affirmed on appeal in an Eighth Circuit opinion[2] filed on January 10, 2002. Bar-Meir v. North American Die Casting Assn., 22 Fed. Appx. 702, 2002 WL 24375 (8th Cir.) *cert.* denied, 122 S.Ct. 2624 (2002). Subsequently, the defendant was awarded money damages by Order[3] of the District Court dated May 22, 2002. On further appeal[4] the Eighth Circuit

[1] [Docket No. 72].

[2] [Docket No. 91].

[3] [Docket No. 94].

[4] [Docket No. 101].

FILED APR 0 1 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

reversed the damages awards and the case was remanded for proceedings wherein the amount of damages could be determined by a jury. Bar-Meir v. North American Die Casting Assn., 55 Fed. Appx. 389, 2003 WL 23306 (8th Cir. 2003). Defendant thereafter moved to withdraw its claim for damages,[5] thereby eliminating the need for further proceedings. Plaintiff has now filed the present motion for discovery and for an order preventing the defendant from dismissing the case. Defendant opposes the motion, asserting that liability is no longer an issue in the case and that any discovery with respect to liability is therefore moot and irrelevant. In addition, defendant argues that damages discovery is likewise unnecessary in light of defendant's motion to withdraw its claim for monetary damages.

Based upon the entire file and record in this case, it is **HEREBY ORDERED** that plaintiff's Motion to Resume Discovery and Compel Answering Previous Interrogatories and Production of Documents and Order to Prevent the Defendant from Dismissing the Case is **denied** [Docket No. 105]. The Court finds no justification for permitting further discovery in this action. Any discovery with respect to liability on either the plaintiff's complaint or the defendant's counterclaim is irrelevant and discovery with respect to defendant's monetary damages may be rendered moot as a consequence of defendant's motion to withdraw its damages claim. To the extent that the plaintiff seeks to prevent defendant from dismissing the case, the motion is mis-directed. The defendant has merely moved to withdraw its damages claim and that motion remains pending. Any dismissal which may occur will be by court order and will be the result of the absence of any issue of law or fact requiring action by the court. The Court is not

---

[5] [Docket No. 103].Pending a decision on the motion to withdraw the damages claim any further discovery is premature, and the

persuaded that an order preventing the defendant from dismissing the case is appropriate under the circumstances of this litigation and, pending a decision on the motion to withdraw the damages claim, any further discovery is premature.

Dated: 4/1/03

Arthur J. Boylan
United States Magistrate Judge