UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Genick Bar-Meir

Plaintiff, Civ. No. 00-1666 (RHK/AJB)
**ORDER**

v.

North American Die Casting Association,

Defendant/ Counter-claimant

---

This matter has returned to the undersigned following the Eighth Circuit Court of Appeals's decision affirming this Court's (1) dismissal of Plaintiff Genick Bar-Meir's Complaint with prejudice; (2) finding that Plaintiff is liable on Defendant/ Counter-claimant North American Die Casting Association's ("NADCA") Counterclaim; (3) entry of a permanent injunction

- preventing Bar-Meir from using or attempting to register the term NADCA, or any reproduction, copy or colorable imitation or variation thereof, as part of a domain name on or in communication with advertising, distribution, sale or offering for sale of products or services, and
- preventing Bar-Meir from performing any other act that is likely to lead the public to believe that any product or service advertised, distributed, sold or offered for sale by Plaintiff is licensed, sponsored, or approved by, or otherwise affiliated with [NADCA]; and
- directing Plaintiff to immediately transfer the domain name "nadca.org" to NADCA.

Plaintiff's Petition to the Eighth Circuit for Rehearing and Rehearing En Banc was denied, as was his Petition to the United States Supreme Court for a Writ of Certiorari.

FILED APR 2 1 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The Eighth Circuit vacated that portion of this Court's June 12, 2001 Memorandum Opinion and Order entering judgment against Bar-Meir and in favor of NADCA in the amount of $125,000. That sum represented an award of damages on NADCA's counterclaim. The Eighth Circuit remanded the damages issue to this Court for a jury trial.

Presently before the Court is NADCA's Motion to Withdraw Its Damages Claim. Also before the Court is Plaintiff's Motion to Vacate Magistrate Judge Boylan's Order denying Bar-Meir's request to reopen discovery following the issuance of the Eighth Circuit's Mandate. NADCA has indicated that it no longer wishes to pursue the sole issue remaining in this litigation – how much Bar-Meir should pay in damages for his wrongful conduct – and requests leave of the Court to withdraw its damages claim so that this litigation may come to an end. Bar-Meir's Motion to Vacate the Magistrate Judge's Order demonstrates his failure to understand that he has been adjudged liable on NADCA's counterclaim and that his own claims against NADCA have been dismissed with prejudice.

NADCA has clearly indicated that, given that the permanent injunction against Bar-Meir is and remains valid and enforceable, it no longer wishes to pursue a damages claim against Bar-Meir. This Court finds that NADCA is, in essence, knowingly and voluntarily waiving its right to seek money damages from Bar-Meir for the conduct alleged in its Counterclaim. Accordingly, there is no longer an issue of fact for a jury to

decide. NADCA's decision to withdraw its request for money damages renders moot the need for discovery.

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED** that North American Die Casting Association's Motion to Withdraw Its Damages Claim (Doc. No. 103) is **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiff Genick Bar-Meir's Motion to Vacate Magistrate Judge Boylan's April 1, 2003 Order (Doc. No. 110) is **DENIED AS MOOT**. The Clerk of Court is hereby directed to dismiss this matter.

Dated: April 21, 2003

RICHARD H. KYLE
United States District Judge